May I please report? The Board's rejection should be reversed because the key limitation of the claims that are at issue is not shown anywhere in the prior art. Isn't it obvious that you have to have a currency code with this kind of reference? So we have to of course look at the limitation of the claim. We discussed, Judge Lurie, in an earlier argument you keyed in on the word each. The limitation requires that each entry in the table, so there's a table, and each entry in the table must have two things. It must have an issuer identifier code or a series of codes that identify the series of cards, and it must also have a currency code that designates the operating currency associated therewith. The only prior art reference, this two-paragraph marketing blurb that we called an Evancho reference, that's the only prior art reference that's at issue in the case. It's got two paragraphs, six sentences. We do not know how it works. We know that it had something called a bin table. But the evidence in this record is undisputed, is it not, that as of the filing date here, 1999, that bin numbers did have a currency identifier as part of them. That's not correct, Your Honor. Alright, well show me why it's not correct, because I am not aware of any evidence in this record that suggests otherwise. The evidence in the record… There's an argument in your brief, but there's no cite. So, just to explain, the evidence in the record that I think you're referring to from the director's brief is that there was a reference suggesting that a bin, which everyone agrees identifies a bank, it's a bank identification number. There's evidence put into the record in the director's brief that suggested that each bank, each bin, which identifies a bank, would be associated with only one currency. For purposes of multiple references here, 664, this is from Levine's patent, I guess, this number referring to the bin number, not only identifies the issuing bank, but also the currency in which the card was issued. And then there's testimony that has the same effect at 3216 and 3220, right? Your Honor, a bin number is a six-digit code, everyone agrees on that, so there are six numbers, and you're correct. It identifies an issuing bank, and there is at least some evidence in the record, which we're not disputing for purposes of this appeal, that it would then correspond to a particular currency, that's right. But you can look at those six digits all day, and the computer can look at them all day, and it will not know the associated currency. To know the associated currency, it has to be present, as claimed here in the statement. You agree that the number identifies the currency, right? I would agree that the bin number, again, for purposes of this appeal, we don't dispute this, but the bin number will be ultimately associated with a particular currency. How you know which currency that is, is a very important question. You can call the bank and ask, that's obviously not covered by the claim. The claim requires that in order to perform the method that's recited in the claim, you must have the currency code there. That is the only way the system will be able to determine which currency is associated with that bin, sort of a circular issue. The bin does have a currency code associated with it, but is it known, and is it present in the table as required by the claim? So, with respect to the Nabanco reference, Your Honours, of course we don't know how it worked, and the examiner hypothesized various ways in which it could have worked. Based on the examiner's hypothesis, it's undisputed that one possible way that it could have worked is without currency codes in the table. In fact, we also know from testimony abroad that that is in fact correct, but for purposes of the analysis here, what matters is what you can learn from the reference. From the reference, we don't know for sure, but the examiner hypothesized that it may have been nothing more than a list of bank identification numbers. Just a list, no currency codes, and the inquiry would have been, in the examiner's hypothesis, are you on that list or not? If you're on that list, Jamaican dollars. If you're not on that list, US dollars. There would have been no way for that system to have determined the operating currency for a particular card. It would simply make a determination of on or off the list. I don't understand. You can determine from the bin numbers whether the particular card was issued in Jamaican dollars or not, right? You can if you find out, and that's exactly what the invention says you have to do. There's a lot of data that you would have to gather to build a system that is able to determine when you swipe your card. You mean asking the banks what currency the bin number represents? I'm sorry, Your Honor? Asking the banks what currency the particular bin number represents. Yes, you can ask the banks. That's right. You can ask the banks. And then what you have to do if you want a system that can perform the method as claimed is you then have to have that information available because, of course, the claim would not cover it. You have to ask the banks and make a list. That's the invention. The invention was associating those issue identifier codes with... What is my statement wrong? The invention is asking the banks what currency the bin numbers represent and then making a list out of it. The invention... I can quibble with your wording, Your Honor, but in essence it's taking that information and putting it in the same place so that it can be used for the purpose of enabling any card anywhere in the world to operate in the currency of that card, which has never been done before and is not done in the bank. Is there record evidence that a particular bank identifying under a particular number issues cards in more than one currency? Sure, Your Honor. It's stated right in the patent in column 6, which is A60. Around line 20, the patent explains that an Irish bank, for example, may associate currencies either in Irish pounds or Euros with its cards. Again, for purposes of the appeal, we're not basing our appeal on the notion that an issue identifier... Excuse me, a bin number could be associated with more than one currency. The point is that when you have a bin number or a claim in terms of an issue identifier code, in order to know what currency is actually associated with that card, you have to provide it in one place in the table as claimed. The Nabanko reference, and this is the key point, the Nabanko reference, again, we don't know how it works, but in the examiner's hypothetical, there is no dispute that it does not expressly disclose such a table. The director concedes that on page 10 of its brief. So express anticipation is off the table. All that's left for the court to decide are inherent anticipation and obviousness. With regard to inherent anticipation, the examiner's hypothetical defeats inherent anticipation as a matter of law. Because the examiner's hypothetical, what the examiner can glean from these six sentences, is that the system may have worked with a list of bins with no currency codes at all. Just a yes or no system. A local versus non-local determination. And the claim language requires that each entry in the table have both an issue identifier code or a series of those codes, and an associated operating currency. According to the examiner's hypothetical, that would not have been present. And that's why there is no inherent anticipation either. The only response from the director to that is that applying the broadest reasonable instruction to some words in the claim, and we're not sure which ones, it would encompass the examiner's hypothetical. Of course, the director never actually provides a proposal for what that broadest reasonable instruction would be. So we don't know what the target is. But the point is, whatever it is, given the examiner's hypothetical, how the examiner understood this may have worked, whatever that construction would be, it would vitiate this limitation. that each entry in the table have both an issue identifier code and a corresponding currency code. That leaves only the issue of obviousness. And on the issue of obviousness, this is the unusual situation in which the patent office is asserting single reference obviousness. Once we get to the obviousness analysis, there is no reference that discloses the missing limitation. And the argument is that a person of skill in the art would have bridged that gap without the limitation being disclosed anywhere in the prior art. To avoid hindsight, it's particularly important in the context of single reference obviousness for there to be evidence, for the patent office to point to evidence in the record that there would have been a reason to modify this marketing blurb to provide the claim table. There is no evidence in the record of any such reason. In fact, the only sentence... It's obvious that it would be convenient and useful. This isn't having a totally different concept to the claim, but to know what currency it is... Well, actually, it is a totally different system, because it would be going from a yes or no system, just determining solely whether a card is local or non-local, which only requires a list. It doesn't require you to go out and get all this currency code information. It's just a list. You're either on it or you're off it. To a totally different system, which is the system of the invention, where you have many, in fact thousands, of different issue identifier codes or ranges and their associated currencies. Why wouldn't it have been obvious to do it, forget the Manko reference? I mean, if the bin numbers tell you what the currencies are, why wouldn't it be obvious to make a list of the currencies so that the merchant is aware of what currency the card is issued? Well, the reason it wouldn't be obvious is exactly what I said, that there has been no reason identified in the prior art telling someone to do that. And the only reference that's at issue in this appeal tells you to do the opposite. So the sentence on which the director relies is the last of the six sentences in the blurb, that says the bin table is easily customized for individual countries. Individual countries. The director understands that to mean multiple countries, to add multiple country cards and multiple currencies in that list. It doesn't say multiple, it says individual. It's very clear from the context of this blurb, if we can learn anything from this blurb at all, which is a marketing piece and not a technical piece, it's that the notion was you could take the system and transplant it somewhere else. You could transplant it to Mexico and then all the cards on the list would default to Mexican currency and the ones off the list to US currency. That's throughout the blurb. It's a dual currency terminal, not a multiple currency terminal. It describes local versus non-local, and then in the penultimate sentence it says that the bin table is easily customized for individual countries. So if we're looking for substantial evidence in the record to support the proposition that there's a reason to do what the director is suggesting, the only reference in the record actually suggests the opposite. And what it's really telling… So what it does is it tells you to identify the currency of one country, and it's not obvious to use the bin numbers to identify the currencies for more than one country. That's correct, because the objective of this, if we can glean anything from this reference, the objective is simply to distinguish between local and non-local cards. Not to do what this convention did. The patent is the first time anyone had ever developed a system to do this, to enable anyone around the world to swipe their card and pay in their home currency. Would you like to say the rest of your rebuttal time? Before I do, there's just one point I have to make, Your Honor, which is with regard to whether there is substantial evidence in the record for a reason to make the change, it's telling that, and I think this is critical for the court to know, on page 87 of the record, which is the page on which the board issued its factual findings about this reference, even the board did not decline, did not make a factual finding that this reference teaches multiple countries and multiple currencies in that suggestion to use those in that table. Even the board did not. So there is no factual finding, there is no finding of fact from the board on which this court could uphold the judgment of the board. Thank you. We will save your minute and 12 seconds for rebuttal. Thank you, Your Honor. Good morning, Your Honor. May it please the court. The only issue in this case is whether Nobanko discloses a corresponding currency code, and Nobanko does. Nobanko states that it's been tabled. Isn't obviousness an issue too? Yes, whether it would be anticipated by Nobanko or whether it would have been obvious over Nobanko. But Nobanko states that it's been tabled. It's used to determine which transactions should be in local or U.S. dollars, and that's at A750, column 2. For it's been tabled to do that, it has to have within it corresponding currency information. Now, Mainline argues that the table has to have a certain format, and for each individual bin, it has to be laid out. They argue also that the invention is doing it for multiple currencies rather than a single currency, which is what Nobanko discloses. So they say Nobanko doesn't anticipate because it only does it for one currency. The default is to U.S. dollars, and if you bring in a credit card written in Dutch guilders, it's disclosed determining what the transaction will be worth in Dutch guilders. But Mainline does not dispute that its claim requires more than two currencies. So they don't actually dispute that point. I agree that Nobanko only is a dual currency, but the claim isn't broad enough to only include more than two currencies. I'm surprised that there isn't a stronger reference than this Caribbean news against these claims. Yeah, I'm not sure, Your Honor, what other references were available, but we think that the reference teaches everything that needs to be taught in it. Back to the point of the table. So Mainline's argument is each corresponding bin has to have a corresponding currency code, and that Nobanko doesn't necessarily have that. Nobanko may just be a list of bins with a default. And they say that that undercuts what the examiner said. But what the examiner says, and if you go to A568 of his answer, he says even if the Nobanko table only includes a list of local bank bins, these banks have a corresponding currency code associated there because the only way it could work is if it had the corresponding currency code in it. But even under Mainline's construction, claim one would have been obvious, and the examiner also does a very thorough discussion of this, and this is on 569 to 570, and he explains that the table is easily customized for individual countries, and if you assume that to be two countries, a person of ordinary skill in the art would have recognized to make a table for two countries, and then he says furthermore, one of ordinary skill in the art would know that a country would get visitors from more than one country, and so it would be obvious to add more than one country to the table. And so there would be a market force or a design need to do that, and that would just be common sense. If there's no further questions, I'll deal with my time. No one ever gets penalized for not using all their time. Mr. Rader has a minute and 11 seconds for rebuttal. I just want to pick up on the comment that Your Honor made. This is the reference that we have in front of us, and this is the only reference that's on appeal. It is, in fact, telling, and this is responsive, I think, to some of Judge Dyke's questions, that this is the best reference the Patent Office could find. It just so happens, as noted in our briefing, that numerous courts around the world have upheld corresponding claims over this reference. I'm not saying that those courts obviously are binding on this one, but in terms of what this reference discloses, and the appeal is solely about the six sentences in this marketing blurb, in terms of what this reference discloses to a person of ordinary skill in the art or what would necessarily be there, per the examiner's own hypothetical, those are the facts that must determine the outcome of the appeal. Thank you, Your Honor. Thank you, Mr. Rader. We'll take some rebuttals. All rise. This article of court is adjourned.